# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

AUBRA GROOM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:18-CV-01531
CRIM. NO. 2:17-CR-00159
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 43). This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. This matter is before the Court on its own motion under Rule 4(b) of the Rules governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the Undersigned **RECOMMENDS** that the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 43) be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

On January 5, 2018, Petitioner pleaded guilty to the charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 33). On April 25, 2018, the Court imposed a sentence of 65-months imprisonment, to be followed by 3 years of supervised release. (Docs. 39, 40). Petitioner did not file an appeal. On November 27, 2018, he filed this *pro se* Motion to Vacate under 28 U.S.C. § 2255. As his sole claim for relief, Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to challenge the two-point enhancement in his recommended Guideline sentence under U.S.S.G. § 3C1.2 for obstruction of justice. (Doc. 43 at 4; *see also* PreSentence Investigation Report, ¶ 21, 22). Petitioner relies on

*Johnson v. United States*, -- U.S. --, --, 135 S.Ct. 2551 (2015), for his argument. The Undersigned concludes that this claim plainly lacks merit.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

In addition, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982))). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## III. DISCUSSION

Petitioner asserts that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on such a claim, a petitioner must demonstrate both that counsel's

performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id.* at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland,* 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. A petitioner, therefore, must show prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id*. at 692. In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because a petitioner must satisfy both prongs of *Strickland* to demonstrate ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

Here, Petitioner asserts that his attorney rendered constitutionally deficient counsel by failing to challenge the enhancement of his sentence under U.S.S.G. § 3C1.2, which provides for a two-level increase in a defendant's recommended Guideline sentence for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. More specifically, Petitioner argues that counsel should have used the Supreme Court's decision in *Johnson v. United States* to challenge the enhancement. *Johnson*,

3

however, does not assist the Petitioner. In that case, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Petitioner was not sentenced under that provision. Further, the Supreme Court has subsequently held that the advisory United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.

*Beckles v. United States*, 580 U.S. --, 137 S.Ct. 886, 892 (2017).

Additionally, Petitioner does not indicate, and the record does not reflect, any other basis on which counsel could have successfully challenged this sentencing enhancement. The agreed-upon Statement of Facts indicates that Petitioner fled at a high rate of speed from police when they attempted to initiate a traffic stop of his vehicle. (Doc. 32, PAGEID # 76). These facts are sufficient to support the enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.2. *See, e.g.*, *United States v. Rapp*, 39 F. App'x 198, 201 (6th Cir. 2002) ("This enhancement does not require evidence that an 'identifiable individual' was endangered by a defendant's conduct.'") (citing *United States v. Valdez*, 146 F.3d 547, 554 (8th Cir. 1998)). In sum, Petitioner has not—and cannot—demonstrate that his counsel performed deficiently by not challenging the obstruction of justice enhancement.

## V. RECOMMENDED DISPOSITION

Therefore, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 be **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date:  December 4, 2018                         /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE