UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.

**AUBRA LEON GROOM,**

      **Defendant.**

Case No. 2:17-cr-159
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Aubra Groom's Motion for Compassionate Release (ECF No. 53) and Supplemental Memorandum in Support of Defendant's Motion for Compassionate Release (ECF No. 56). The Government opposes Defendant's release. (ECF No. 57.) For the following reasons, the Court **DENIES** Defendant's motion.

### I.

On July 20, 2017, Defendant was indicted on one count of being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 16.) Defendant pleaded guilty to this count on January 5, 2018. (ECF No. 33.) On April 25, 2018, Defendant was sentenced to 65 months' imprisonment and a three-year term of supervised release. (ECF No. 39.) Defendant now moves for a compassionate release due to the COVID-19 pandemic. (ECF No. 53.)

### II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).

Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist,

2

the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant moves the Court for a compassionate release. Defendant requested an administrative release in the fall of 2020 and has exhausted his administrative appeals; the Court therefore has authority to decide this motion. (ECF No. 56, Exs. E, I.) Defendant submits that he has sickle cell trait, high cholesterol, and hypertension, increasing his vulnerability to COVID-19. (*Id.* at 2, 8, Ex. B.) Defendant tested positive for COVID-19 in December but has since recovered. (ECF No. 56, Ex. B.) Defendant argues that, despite his recent infection, he is particularly susceptible to reinfection due to the conditions of confinement, citing anecdotal cases of potential re-infections. (ECF No. 56 at 11–12.) The Government responds that Defendant is at no risk of re-infection because he received the first dose of the Pfizer COVID-19 vaccine on March 9, 2021. (ECF No. 57, Ex. 1.) And therefore, by approximately March 30, 2021, Defendant will have received his second dose and will be fully vaccinated. (*Id.* at 5.)

When a defendant files a motion for compassionate release, the Court has "full discretion to define 'extraordinary and compelling[.]'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 980 F.3d at 1111. In defining "extraordinary and compelling," a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020). Likewise, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release[.]" *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing

3

*United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).  Courts generally look to CDC guidelines to determine whether a defendant is at an increased risk of severe COVID-19.  *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021).

Here, Defendant is not at high risk of contracting severe COVID-19 because Defendant will have received both does of the Pfizer vaccine by the time he would be released.  According to clinical trials published on the CDC's website, the Pfizer vaccine was 95% effective at preventing COVID-19 in people who did not have a previous infection.[1]  More importantly for purposes of this motion, clinical trials have shown that the Pfizer vaccine is 100% effective at preventing severe disease.[2]  Therefore, because Defendant will be at little-to-no risk of severe COVID-19 shortly after receiving his second Pfizer dose, there are no "extraordinary and compelling reasons" justifying a compassionate release in this case.  *See United States v. Miller*, No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021) ("The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. Over forty million individuals have been fully vaccinated in the United States, and the court does not know of a single confirmed death of a fully vaccinated individual from COVID-19.").

---

[1] CDC, *Pfizer-BioNTech* (accessed on Mar. 31, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html.
[2] Kathy Katella, *Comparing the COVID-19 Vaccines: How Are They Different?*, Yale Medicine (Mar. 29, 2021), https://www.yalemedicine.org/news/covid-19-vaccine-comparison.

**IV.**

Accordingly, the Court **DENIES** Defendant Aubra Groom's Motion for Compassionate Release.  (ECF No. 53.)

**IT IS SO ORDERED.**

**4/1/2021**　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**